**Barbara HIBBITTS, Appellee,**

v.

**Ralph C. HIBBITTS, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 23, 2000.
Filed March 31, 2000.

Stuart M. Wilder, Doylestown, for appellant.

Arthur L. Jenkins, Norristown, for appellee.

Before McEWEN, President Judge, HUDOCK, J., and CIRILLO, President Judge Emeritus.

CIRILLO, President Judge Emeritus:

¶ 1 Ralph C. Hibbitts appeals from an order entered in the Court of Common Pleas of Bucks County, declining to find jurisdiction in Pennsylvania to modify the Monmouth County Superior Court of New Jersey Chancery Division's alimony award. We affirm.

¶ 2 This case arises from an action sounding in separation and divorce. The parties herein were married in 1959, separated in 1975, and were divorced in 1979. In 1975, appellee, Ms. Hibbitts, became the custodial parent of the four children born of the marriage. Ms. Hibbitts and the children moved to Vermont and appellant, Mr. Hibbitts, remained a resident of New Jersey. The parties were divorced in the state of New Jersey in 1979; the New Jersey court awarded Ms. Hibbitts alimony and child support.

¶ 3 At some point subsequent to the divorce, Mr. Hibbitts moved to Bucks County, Pennsylvania; however, the Monmouth County Court continued to rule upon petitions to increase and decrease the amount of alimony and child support during the 1980's and 1990's. By 1995, the Superior Court of New Jersey, Appellate Division, modified the order of the Monmouth County Superior Court of New Jersey Chancery Division by increasing the amount of alimony award from $2,300 to $2,800 per month. Additionally, Mr. Hibbitts was directed to make payment of $6,800 in arrears and required to maintain $100,000 of life insurance for the benefit of Ms. Hibbitts.

¶ 4 On March 5, 1999, Ms. Hibbitts petitioned the Bucks County Court of Common Pleas for registration and enforcement of the Monmouth County Superior Court alimony award. Thereafter, Mr. Hibbitts petitioned the Bucks County Court of Common Pleas for a reduction of the Monmouth County, New Jersey order. A hearing was held on both matters on May 10, 1999, wherein the Honorable Michael J. Kane of the Bucks County Court of Common Pleas, registered the Monmouth County, New Jersey order, directed compliance with the order, and declined to find jurisdiction to modify the alimony award. This appeal followed.

¶ 5 Mr. Hibbitts raises the following issues for our consideration:

1. Can an assertion that an alimony award is too high be raised [as] a defense to a foreign alimony order when it is registered in Pennsylvania?

2. Do Pennsylvania Courts have jurisdiction to modify alimony orders from New Jersey registered in Pennsylvania for enforcement?

¶ 6 In Pennsylvania, an appellate court's standard of review in cases involving support matters is whether the trial court abused its discretion. *Zullo v. Zullo*, 531 Pa. 377, 613 A.2d 544 (1992) (citing *Costello v. LeNoir*, 462 Pa. 36, 337 A.2d 866 (1975)). An abuse of discretion exists when the judgment of the trial court is manifestly unreasonable or is the result of prejudice, bias or ill-will. *O'Callaghan v. O'Callaghan*, 530 Pa. 176, 607 A.2d 735 (1992). While it is not an appellate court's duty to create the record or assess credibility, we must nevertheless examine the existing record to ascertain whether sufficient facts are present to support the trial court's order. *Id.* If sufficient evidence exists in the record to substantiate the trial court's action, and the trial court has

properly applied accurate case law to the relevant facts, then we must affirm. *Id.*

¶ 7 For purposes of this appeal, we need only address Mr. Hibbitts' second issue, because it is dispositive of the case at hand. Mr. Hibbitts argues that Pennsylvania courts may modify New Jersey alimony orders registered in Pennsylvania for enforcement. We disagree.

¶ 8 The Uniform Interstate Family Support Act (UIFSA) was enacted to provide structure and unity in each state's approach to the modification and enforcement of child and spousal support orders. *Clark v. Clark*, 714 A.2d 427, 430 (Pa.Super.1998) (citing *Schoenfeld v. Marsh*, 418 Pa.Super. 469, 614 A.2d 733, 736 (1992)). Notably, Congress mandated that every state must adopt the UIFSA, including amendments, by January 1, 1998. *See* 42 U.S.C.A. § 666(f). The UIFSA, as adopted by Pennsylvania, provides in pertinent part:

> A tribunal of this State issuing a support order consistent with the law of this State has continuing, exclusive jurisdiction over a spousal support order throughout the existence of the support obligation. **A tribunal of this State may not modify a spousal support order issued by a tribunal of another state having continuing, exclusive jurisdiction over that order under the law of that State.**

23 Pa.C.S.A. § 7205(f) (emphasis added).

¶ 9 Under the UIFSA, jurisdictional disputes are resolved by addressing "continuing, exclusive jurisdiction." 23 Pa.C.S.A. § 7205(f). This statutory phrase is essential to resolving disputes involving orders that have been or may be entered in different jurisdictions. The initial question we must answer is whether the New Jersey Superior Court, Appellate Division, has continuing, exclusive jurisdiction over the alimony award. We find that it does.

¶ 10 Words of a statute must be construed according to their common and accepted usage. 1 Pa.C.S.A. § 1903; *Bank-*

*ers Trust Co. v. Foust*, 424 Pa.Super. 89, 621 A.2d 1054, 1057 (1993). A court interpreting a statute must ascertain and effectuate the intent of the legislature and give full effect to each provision of the statute if at all possible. 1 Pa.C.S.A. §§ 1921, 1922; *Bankers Trust Co., supra.* To determine the plain meaning of continuing, exclusive jurisdiction we look to *Black's Law Dictionary.*

¶ 11 Continuing jurisdiction is defined in *Black's Law Dictionary*, as "[a] doctrine invoked commonly in child custody or support cases by which a court which has once acquired jurisdiction continues to possess it for purposes of amending and modifying its orders therein." *Black's Law Dictionary*, 291 (5th ed.1979). Exclusive jurisdiction is defined as, "[t]hat power which a court or other tribunal exercises over an action or over a person to the exclusion of all other courts." *Id.* at 507. Presently, there is no Pennsylvania jurisprudence that interprets Section 7205(f).

¶ 12 In the case at bar, the initial support order was issued by the Monmouth County Superior Court of New Jersey, Chancery Division; therefore, New Jersey is the state with the controlling order. Moreover, it is the Monmouth County Court that has continued to hear and decide the Hibbitts' petitions to increase, decrease, and enforce alimony during the 1980's and 1990's. Because the New Jersey courts have continued to possess jurisdiction over the spousal support order to the exclusion of all other courts, the New Jersey Superior Court, Appellate Division has continuing, exclusive jurisdiction.

¶ 13 The language of Section 7205(f) is unambiguous. A tribunal of Pennsylvania may not modify spousal support; to do so would contradict the intent of the legislature. 23 Pa.C.S.A. § 7205(f). While we recognize that New Jersey may be an inconvenient forum for either Mr. or Ms. Hibbitts, we must follow the dictates under the UIFSA. Accordingly, future

applications to modify Mr. Hibbitts' spousal support obligation must be pursued in New Jersey.

¶ 14 Order affirmed.