■ In the Matter of ELIZABETH H. ARMSTRONG, Appellant, v HERBERT B. ARMSTRONG, Respondent. [721 NYS2d 677] —In a child support proceeding pursuant to Domestic Relations Law former article 3-A, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Trainor, J.), entered December 16, 1999, as denied her objection to so much of an order of the same court (Goglas, H.E.), entered October 26, 1999, as, after a hearing, granted that branch of the father's cross petition which was to vacate his maintenance obligation under a divorce decree of the State of Virginia.

Ordered that the order entered December 16, 1999, is reversed insofar as appealed from, on the law, without costs or disbursements, the objection is sustained, and so much of the order entered October 26, 1999, as granted that branch of the

father's cross petition which was to vacate his maintenance obligation under the Virginia divorce decree is vacated.

This proceeding was commenced on behalf of the mother, a Texas resident, against the father, a New York resident, to obtain an increase in child support. The father subsequently filed a cross petition seeking, *inter alia*, to vacate his maintenance obligation under the parties' divorce decree, which was rendered by a court in the State of Virginia. The Hearing Examiner granted that branch of the cross petition which was to vacate his maintenance obligation, and the Family Court denied the mother's objection to that portion of the Hearing Examiner's order.

Under Family Court Act § 580-205 (f), the Family Court "may not modify a spousal support order issued by a tribunal of another state having continuing, exclusive jurisdiction over that order under the law of that state." Here, the Virginia court possessed continuing, exclusive jurisdiction over the maintenance provision. Under that State's law, "[a] tribunal of [the] Commonwealth issuing a support order consistent with the law of [the] Commonwealth has continuing, exclusive jurisdiction over a spousal support order throughout the existence of the support obligation" (Va Stat Annot § 20-88.39 [F]). Thus, the Family Court lacked subject matter jurisdiction to modify the father's maintenance obligation (*see generally, Matter of Daknis v Burns,* 278 AD2d 641; *Hibbitts v Hibbitts,* 749 A2d 975 [PA]; *Matter of Erickson,* 98 Wash App 892, 991 P2d 123; *State of Utah, Dept. of Human Servs. v Jacoby,* 975 P2d 939 [Utah]). O'Brien, J. P., Friedmann, Florio and Feuerstein, JJ., concur.