J-S08011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SUSAN O'LEARY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON O'LEARY | : | |
| | : | |
| Appellant | : | No. 804 WDA 2019 |

Appeal from the Order Entered May 2, 2019
In the Court of Common Pleas of Washington County Domestic Relations
at No(s):  No. 361 DR 2008

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED: NOVEMBER 22, 2021**

Appellant, Aaron O'Leary, appeals from an order entered on May 2, 2019, which denied his exceptions to an order modifying child support.  We affirm in part, vacate in part, and remand for additional proceedings.

The trial court briefly summarized the facts and procedural history of this case as follows:

> The parties were married on October 29, 2005 and separated on December 23, 2017.  On May 18, 2018, [Susan K. O'Leary ("Mother") filed a complaint for support.  In the complaint, [Mother] requested [] support and medical coverage on behalf of herself and/or the [parties' two minor] children. Following support proceedings, a final order requiring Appellant to pay [] support was entered on June 28, 2018.  After only three months, on September 27, 2018, [Mother] was granted leave to file for modification of the original support order.  [A] hearing officer issued her findings on January 16, 2019.  [Appellant] filed exceptions to the hearing officer's findings on February 1, 2019, argument on exceptions occurred on April 15, 2019, and [the trial] court entered an order denying exceptions on May 2, 2019. Appellant filed his notice of appeal on May 29, 2019[.  O]n August

19, 2019, [the trial] court ordered Appellant to file [a] concise statement [of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)] by September 13, 2019. On September 4, 2019, Appellant filed his concise statement. [The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on October 29, 2019.[1]]

Trial Court Opinion, 10/29/2019, at 2-3 (superfluous capitalization omitted).

On appeal, Appellant presents the following issues for our review:

1. Did Appellant waive his issues on appeal by failing to raise his issues in his exceptions or in a post-trial motion?

2. Did the trial court commit error in failing to apply the appropriate support code guidelines in calculating the parties' support obligations? Specifically, did the trial court err in calculating the parties' adjusted net monthly incomes, the

---

[1] On February 6, 2020, this Court, upon notice that Mother initiated bankruptcy proceedings, stayed this appeal in accordance with the automatic stay provision of the United States Bankruptcy Code, 11 U.S.C. § 362. The parties were directed to provide written updates to this Court every six months as to the status of the bankruptcy proceedings so that this Court could either proceed with this matter or determine whether the appeal was rendered moot by the conclusion of the bankruptcy proceedings. Because the last response regarding the status of the bankruptcy proceedings was received on May 26, 2020, by *per curiam* order entered on July 19, 2021, we directed the parties to notify this Court of the status of the case or, if appropriate, *praecipe* for the discontinuance of this appeal. Mother did not respond. Appellant responded on July 23, 2021. He maintains that "there has been no further activity in the Bankruptcy Court[,] the matter [was] closed pending the completion of the Chapter 13 Plan[, and Mother's b]ankruptcy filing has no impact on the [s]upport [a]ction presently before this Court[.]" Appellant's Response to Per Curiam Order, 7/23/2021, at *1 (unpaginated). Upon further review, we determine that pursuant to 11 U.S.C. § 362, filing for bankruptcy "does not operate as a stay" for "the establishment or modification of an order for domestic support obligations[.]" 11 U.S.C. § 362(b)(2)(A)(ii). As such, we entered an order lifting the automatic stay and shall proceed to examine the issues presented on appeal. We remind counsel that "[i]t is not the obligation of an appellate court to formulate appellant's arguments for him*." **Wirth v. Commonwealth**, 95 A.3d 822, 837 (Pa. 2014) (internal citation, original brackets, and ellipsis omitted). However, in order to move this case forward, we entered the order lifting the bankruptcy stay in this matter *sua sponte*.

parties' respective shares of the basic support obligation, or did the trial court commit error in utilizing the guidelines intended for parties operating under pre-2019 tax code?

3. Did the trial court commit error in failing to assess a child support obligation or otherwise provide for the parties' minor child, A.J.O.?

4. Did the trial court commit error in assessing Mother's earnings capacity?

Appellant's Brief at 5 (numbers supplied).

Initially, we note that the trial court determined that all of Appellant's appellate issues were waived for lack of specificity in both Appellant's exceptions to the hearing officer's recommendations and in his concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). As such, in his first issue presented, Appellant claims the trial court erred in finding waiver. More specifically, Appellant avers that he presented three exceptions to the hearing officer's findings and those same three issues were raised in his concise statement. *Id.* at 16.

In addition, Appellant further challenges the trial court's finding that he did not properly preserve his second appellate issue presented above. That issue involves Appellant's claim that the hearing officer erred in utilizing the 2018 support guidelines instead of the 2019 support guidelines under Pa.R.C.P. 1910.16-4. *Id.* at 19-29. Rule 1910.16-4 provides:

(a) **The trier-of-fact shall use** either the subdivision (1) or subdivision (2) formula to calculate the obligor's share of basic child support, either from the schedule in Pa.R.C.P. No. 1910.16-3 or the formula in Pa.R.C.P. No. 1910.16-3.1(a), as well as spousal support and alimony *pendente lite* obligations. In high-income cases, the trier-of-fact shall use either the subdivision (1)(Part B)

or subdivision (2)(Part IV) formula, as appropriate, as a preliminary analysis in the calculation of spousal support or alimony *pendente lite* obligations.

(1) **The formula in Parts A through E is for an order entered on or after January 1, 2019**, **or for a modification of an order entered before January 1, 2019 that includes spousal support or alimony *pendente lite* in which the amendments to the Internal Revenue Code made by Section 11051 of the Tax Cuts and Jobs Act of 2017** (Pub. L. No. 115-97) **expressly apply**.

> *Note*: Section 11051 of the Tax Cuts and Jobs Act of 2017 (Pub. L. No. 115-97) amended the Internal Revenue Code by repealing the alimony deduction -- the amount of spousal support, alimony *pendente lite*, and alimony paid or received -- from the payor's gross income and the alimony inclusion into the payee's gross income.

> *See* subdivision (2) for a modification of an order entered before January 1, 2019 that includes spousal support or alimony *pendente lite* in which the amendments to the Internal Revenue Code made by Tax Cuts and Jobs Act of 2017 (Pub. L. No. 115-97) do not apply to the modification.

*** 

(2) The formula in Parts I through IV is for a modification of an order entered before January 1, 2019 that includes spousal support or alimony *pendente lite*.

> *Note*: See subdivision (1) for an order entered on or after January 1, 2019, or for a modification of an order entered before January 1, 2019 that includes spousal support or alimony *pendente lite* in which the amendments to the Internal Revenue Code made by Tax Cuts and Jobs Act of 2017 (Pub. L. No. 115-97) expressly apply to the modification.

Pa.R.C.P. 1910.16-4 (emphasis added).

In sum, Appellant claims:

The hearing officer made no finding and made no indication that she utilized the 2018 [or the 2019] guidelines. When the numerical findings and awards utilized by the hearing officer could

- 4 -

not be independently calculated by either [A]ppellant or [Mother, A]ppellant filed exceptions and brought this fundamental mistake to the court: that the decision made by the hearing officer was not rendered within the guidelines as required by the Pennsylvania Rules of Civil Procedure.

\*\*\*

It was not until after [] Appellant filed the instant appeal that the trial court ordered the parties to attend a[n] *in camera* conference where the trial court indicated to the parties that the 2018 guidelines were utilized.

\*\*\*

The guidelines were significantly altered between 2018 and 2019 due to sweeping changes made to the basic calculation of obligations because the 2017 Tax Cuts and Jobs Act fundamentally altered the tax implications of spousal support awards. The new support guidelines take into consideration [an obligor's] inability to deduct spousal support[, as well as termination] of [an obligee's duty to] pay taxes on child support.

The matter was before the hearing officer, and the court, in the calendar year of 2019, and involved only existing tax implications, not tax implications as existed prior to the Tax Cuts and Jobs Act of 2017. The spousal support component of the order was not put into place until after the tax law was established. There was no lawful basis to utilize the 2018 support code.

Appellant's Brief at 11-13.

Here, as explained in the procedural history above, there is no dispute that an original order of child support was entered on June 28, 2018 and that Mother was granted leave to file a petition for modification of child support in September 2018. After a hearing on January 10, 2019, the hearing officer issued findings of fact, together with a recommended order for support and arrears, on January 16, 2019. Upon review of the hearing officer's findings, it is clear that there was no determination of whether she utilized the 2018 or

2019 guidelines pursuant to Pa.R.C.P. 1910.16-4. As such, we agree with Appellant that he was unable to specifically challenge the hearing officer's application of Rule 1910.16-4 in his exceptions to the recommendations for support.

Moreover, at oral argument on exceptions before the trial court, Appellant specifically challenged the hearing officer's application of Rule 1910.16-4. *See* N.T., 4/15/2019, at 9 ("[T]here was a mistake in calculating the parties' presumptive support obligations."); *see also id.* at 10 ("[T]he new formula that's been established, Pa.R.C.P. 1019.16-4 [] is a 2019 formula that sets out child support after alimony […w]as not correctly followed."). Appellant argued that, as a result of the hearing officer's errors, his net monthly income and adjusted gross income were calculated incorrectly and that the hearing officer compounded the error by failing to include one of the parties' children in the calculation. *Id.* at 10-14.

While Appellant did not raise a challenge based upon Rule 1019.16-4 until the hearing on his exceptions, this Court has held:

> In order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error will result in waiver of that issue. On appeal the Superior Court will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected. In this jurisdiction [], one must object to errors, improprieties or irregularities **at the earliest possible stage** of the adjudicatory process **to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter**.

*Hong v. Pelagatti*, 765 A.2d 1117, 1123 (Pa. Super. 2000) (internal citations omitted; emphasis added).  We believe Appellant's claim was properly raised before the trial court at the hearing on exceptions and that the trial court had an adequate opportunity to remedy the error at an earlier stage.  As such, the issue was properly preserved.

Thereafter, in his concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), Appellant raised, *inter alia*, the following issues for the trial court's consideration:

> The trial court erred in failing to apply the Pennsylvania Rules of Civil Procedure in adjusting the parties' [m]onthly [n]et [i]ncomes based on the existing alimony *pendente lite* award, resulting in an incorrect calculation of the parties' respective shares of the basic support obligation;

> The trial court erred and/or abused its discretion in applying the Pennsylvania Rules of Civil Procedure as they existed in calendar year 2018 to an [o]rder of support entered in 2019, subject to 2019 federal taxation regulations, to parties that did not benefit from 2018 federal taxation regulations.

Rule 1925(b) Concise Statement, 9/4/2019, at *1-2 (unpaginated).  The trial court determined that these issues, although presented in Appellant's Rule 1925(b) concise statement, were not raised specifically in exceptions and "should be deemed waived."[2]  Trial Court Opinion, 10/29/2019, at 4.  We

---

[2]  More specifically, the trial court stated:

> [It was] unsure what Pennsylvania Rules of Civil Procedure Appellant [was] referring to as he refers only to the Pennsylvania Rules of Civil Procedure and not the specific section.  [The trial

*(Footnote Continued Next Page)*

disagree. Upon review, Appellant objected to the hearing officer's support calculations (including the 2018/2019 tax implications) at the hearing on exceptions. Thus, the objections raised on appeal were placed squarely before the trial court and Appellant's subsequent Rule 1925(b) statement was sufficiently precise to permit the trial court to infer that Appellant intended to challenge the hearing officer's application of Rule 1910.16-4. Accordingly, Appellant's second issue presented on appeal was properly presented and preserved for our review.

We adhere to the following standards:

> In Pennsylvania, an appellate court's standard of review in cases involving support matters is whether the trial court abused its discretion. An abuse of discretion exists when the judgment of the trial court is manifestly unreasonable or is the result of prejudice, bias or ill-will. While it is not an appellate court's duty to create the record or assess credibility, we must nevertheless examine the existing record to ascertain whether sufficient facts are present to support the trial court's order. If sufficient

_____

c]ourt [could] only surmise Appellant [was] referring to Rule 1910.16-4(a)(2) and the use of the 2018 calculation rather than the 2019 calculation. The mere fact that Appellant did not produce a [c]oncise [s]tatement that identifies the rulings or errors being challenged with sufficient detail to identify the pertinent issue for [the trial c]ourt, along with the fact that this [was] the first time Appellant [] rais[ed] this as an issue, should constitute waiver of these issues.

Trial Court Opinion, 10/29/2019, at 7 (footnote omitted). We disagree with the trial court's opinion that Appellant's Rule 1925(b) statement was insufficiently specific. Appellant specifically referenced Rule 1019.16-4 at the hearing on exceptions. And, while Appellant did not cite to Rule 1019.16-4 in his Rule 1925(b) statement, he did reference differences in the 2018 and 2019 federal taxation regulations as encompassed in Rule 1019.16-4. Moreover, despite finding waiver, the trial court examined Appellant's claim on its merits.

- 8 -

evidence exists in the record to substantiate the trial court's action, and the trial court has properly applied accurate case law to the relevant facts, then we must affirm.

*Hibbitts v. Hibbitts*, 749 A.2d 975, 976–977 (Pa. Super. 2000) (citations omitted); *see also Kimock v. Jones*, 47 A.3d 850, 854 (Pa. Super. 2012) ("When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order.").

> In construing the Rules of Civil Procedure, as the ultimate promulgator of said Rules, it is the intent of our Supreme Court that controls. In performing our task, we also look to the tools of statutory construction. In analyzing the intent of our Supreme Court, "the best indication of said intent is the plain language of a rule. In pursuing that end, we are mindful that when the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. In addition, words and phrases shall be construed according to rules of grammar and according to their common and approved usage while any words or phrases that have acquired a peculiar and appropriate meaning must be construed according to that meaning. Also, we presume that our Supreme Court does not intend a result that is absurd, impossible of execution or unreasonable.

*Horwath v. DiGrazio*, 142 A.3d 877, 880 (Pa. Super. 2016) (internal citations, quotations, and brackets omitted).

As set forth above, Rule 1910.16-4 provides, in pertinent part, that "the trier-of-fact shall use …[t]he formula in Parts A through E [] for a modification of an order entered before January 1, 2019 that includes spousal support or

alimony *pendente lite* in which the amendments to the Internal Revenue Code made by Section 11051 of the Tax Cuts and Jobs Act of 2017 (Pub. L. No. 115-97) expressly apply." Pa.R.C.P. 1910.16-49(a). As stated previously, the original order of child support in this matter was entered on June 28, 2018, which is clearly before January 1, 2019. There is no dispute that the subsequent order modified the original order of support. Likewise, there is no dispute that the modification of child support also included spousal support or alimony *pendente lite*. The Rule provides that the trier-of-fact "shall" use a specific formula when amendments to the Internal Revenue Code "expressly apply." Our Supreme Court has stated the use of the word "shall" is, by definition, mandatory, unless the context in which the term appears creates extrinsic ambiguity as to its meaning. ***See Chanceford Aviation Props., LLP v. Chanceford Township Bd. of Supervisors***, 923 A.2d 1099, 1104 (Pa. 2007); ***see also*** Pa.R.C.P. 103(a) ("Words and phrases shall be construed according to rules of grammar and according to their common and approved usage[.]"). Here, under Rule 1910.16-4, the use of the word shall does not create an extrinsic ambiguity, therefore, the hearing officer was required to determine whether amendments to the Internal Revenue Code expressly applied to Appellant and, if so, to then use a specific formula to determine support. The hearing officer, however, did not do so.

Furthermore, despite finding waiver, the trial court found there was no merit to Appellant's claim, opining:

- 10 -

> While it is true that the [modification] hearing did not occur until 2019, the modification [petition] was filed in 2018 and there was no request, from either party, for the 2019 guidelines to be applied. Since this modification [petition] was filed in 2018, absent an agreement or indication to the contrary, the 2018 guidelines were the default guidelines. [The trial c]ourt and the [h]earing [o]fficer would not, without a request, apply the 2019 guidelines to a modification [of support petition] that was filed in 2018 based upon an initial support order that was entered in 2018. If there was a disagreement about application of the guidelines in this case, the parties could have presented argument on the date of the hearing. Furthermore, this is not a unique situation. The IRS allows taxpayers to indicate whether they are subject to 2018 guidelines or 2019 guidelines. In conclusion, [the trial court] should be affirmed as it did not abuse its discretion by denying Appellant's [e]xceptions when he failed to raise the guideline year as an issue at the time of the hearing, failed to [take] except[ion] to the guideline issue specifically, and is raising this issue for the first time on appeal.

Trial Court Opinion, 10/29/2019, at 8-9.

We conclude that the trial court erred as a matter of law in interpreting Rule 1910.16-4. As set forth above, the Rule required the factfinder to determine whether tax amendments expressly applied to Appellant and to then use an established formula to compute support payments. The Rule does not specify that the 2018 guidelines are the default unless otherwise requested by the parties. Based upon the plain, mandatory language of Rule 1910.16-4, we conclude that the hearing officer erred in making her calculations and, in turn, the trial court erred by denying Appellant's exceptions. Accordingly, we are constrained to vacate the modified support order, remand for additional proceedings with a new calculation of support using the proper guidelines.

Furthermore, in an inter-related argument, Appellant asserts that as a result of using the wrong guidelines, the hearing officer erred in calculating the parties' adjusted net monthly incomes. Appellant's Brief at 25-27. He also contends that "the support hearing officer, and the trial court, failed to consider the [parties'] minor child, A.J.O., whom [Appellant] supports and Mother owes a duty of support." *Id.* at 27. These calculations are intertwined with the overall calculation for support. As Appellant properly raised these issues in his exceptions to the hearing officer's findings and Rule 1925(b) statement, upon remand, the fact-finder should also consider these additional factors.

Finally, Appellant claims "the trial court erred in determining Mother's earning capacity." Appellant's Brief at 29. While the trial court found this issue waived for lack of specificity in both Appellant's exceptions and Rule 1925(b) statement, we disagree with that assessment. In his exceptions, Appellant asserted "the hearing officer erred in assessing a lower earnings capacity to [Mother] than what was supported by the evidence." Exceptions, 2/1/2019, at ¶ 3. At the modification hearing and the hearing on Appellant's exceptions, Appellant has always maintained that "[p]rior to her brain aneurysm [in 2013], Mother made approximately $260,000.00 per year in salary from her employment as a sales representative for educational products." *Id.* at 30. Mother temporarily held a few, hourly-wage jobs in 2017, but claims she has problems involving her memory. *Id.* at 31-32. Appellant has always maintained that because Mother did not present medical

evidence to substantiate a claim that she could not work, the hearing officer erred by imputing Mother an earning capacity of $10.00 per hour based upon her last attempts at employment. *Id.* at 33.

Again, as set forth above, we will not interfere with the broad discretion afforded the trial court absent an abuse of discretion or insufficient evidence to sustain the support order. *Kimock*, 47 A.3d at 854. "A reviewing court does not weigh [earning capacity] evidence or determine credibility as these are functions of the trial court." *Doherty v. Doherty*, 859 A.2d 811, 812 (Pa. Super. 2004) (citation omitted). "A person's earning capacity is defined not as an amount which the person could theoretically earn, but as that amount which the person could realistically earn under the circumstances, considering his or her age, health, mental and physical condition and training." *Gephart v. Gephart*, 764 A.2d 613, 615 (Pa. Super 2000); *see also* Pa.R.C.P. 1910.16-2(d)(4) ("Age, education, training, health, work experience, earnings history and child care responsibilities are factors which shall be considered in determining earning capacity."). Past earnings alone are not sufficient to support a determination of earning capacity without corroborating evidence that the party still has the capacity to earn that amount. *See D.H. v. R.H.*, 900 A.2d 922 (Pa. Super. 2006) (holding trial court erred in determining earning capacity based solely upon party's most recent tax return).

Here, Appellant essentially asks this Court to reweigh the evidence presented at the modification hearing and to reassess Mother's credibility regarding employment. We simply cannot. *Doherty*, 859 A.2d at 812.

- 13 -

Moreover, the record supports the hearing officer's determination that, at the time of the modification hearing, Mother had an earning capacity of $10.00 per hour due to her ongoing medical problems as the result of a brain aneurism in 2013. As such, based upon our standard of review, we affirm the trial court's decision with regard to Mother's earning capacity.

Accordingly, we vacate trial court's decision with regard to the computation of Appellant's tax consequences under Pa.R.C.P. 1910.16-4, Appellant's adjusted gross income, and support obligations for the parties' minor child, A.J.O. We affirm the trial court's decision regarding Mother's earning capacity.

Order affirmed in part and vacated in part. Case remanded for additional proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2021

- 14 -